**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4543**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DEMETRIUS TYRONE GARDNER,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:07-cr-00028-JPJ-PMS-1; 1:09-cv-80154-JPJ)

───────────

Submitted: January 29, 2013      Decided: February 6, 2013

───────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Galen B. Bascom, Third Year Law Intern, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Tyrone Gardner was convicted by a jury of one count of conspiracy to distribute or possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, 851 (2006); and two counts of perjury, in violation of 18 U.S.C. § 1623 (2006). Although Gardner was originally sentenced to 360 months in prison, after a successful 28 U.S.C.A. § 2255 (West Supp. 2012) motion, the district court re-sentenced him to 292 months in prison. On appeal, Gardner asserts that his 292-month within-Guidelines range sentence is procedurally unreasonable because he argues that the district court failed to adequately explain its basis for rejecting his crack-to-powder cocaine sentencing disparity argument, and failed to address his age-related recidivism argument. Finding no reversible error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2012)] factors,

2

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, this court reviews unpreserved non-structural sentencing errors for plain error. Id. at 576-77. Because Gardner repeats on appeal arguments he raised in the district court, we review for abuse of discretion. Id. at 576.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume that a sentence within the Guidelines range is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do

3

treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."). We have reviewed the record and have considered Gardner's arguments and discern no error in the district court's decision to impose the 292-month sentence.

In particular, a district court need not provide a "comprehensive, detailed opinion" as long as it has satisfied the appellate court that it "has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (internal quotation marks and alterations omitted). In this case, the district court acknowledged the parties' arguments but believed a within-Guidelines sentence was necessary to accomplish § 3553(a)'s mandate. We hold that the district court's explanation for Gardner's sentence was adequate, is sufficient to satisfy this court that it considered the parties' arguments, and that it had a "reasoned basis for exercising [its] own legal decisionmaking authority." Engle, 592 F.3d 495, 500. Accordingly, we hold that the district court did not err when it imposed the 292-month sentence.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED